## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| Aimee Irene Aquino, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | **COMPLAINT** |
| City of Charlotte, a municipal | ) | **(JURY TRIAL DEMANDED)** |
| corporation, | ) | |
| | ) | |
| and | ) | |
| | ) | **FILE NO.** |
| Spencer B. Merriweather III, in his | ) | |
| official capacity as District Attorney | ) | |
| for the 26th Judicial District, | ) | |
| | ) | |
| Defendants. | ) | |

Now Comes Plaintiff Officer Aimee Irene Aquino, by and through Counsel, and respectfully shows this Honorable Court as follows:

### STATEMENT OF THE CASE

Plaintiff Officer Aimee Irene Aquino brings this action against Defendants, pursuant to Title 42 U.S.C. § 1983, seeking relief for violations of her federal constitutional rights protected by the First and Fourteenth Amendments to the United States Constitution, violations of her state constitutional rights pursuant to Article I § 19 and § 1 of the North Carolina Constitution, for injunctive and declaratory relief against both Defendants, and for damages against the City of Charlotte.

This case challenges an abuse of governmental power by the Defendant District Attorney, who has issued a purported "Giglio Letter" without procedural or substantive due process which

1

has resulted in a deprivation of Plaintiff's occupational liberty and has subjected her to a badge of infamy that has and will continue to damage her police career.

Specifically, Plaintiff seeks a declaratory judgment that the District Attorney's unilateral and unreviewable decision that Plaintiff's credibility cannot be rehabilitated and that, as a result, she is unable to testify as a witness constitutes an abuse of discretion, and that the District Attorney's decision and the City of Charlotte's subsequent actions violates Plaintiff's right to liberty and property pursuant to the First and Fourteenth Amendments to the United States Constitution and pursuant to Article I § 19 and § 1 of the North Carolina Constitution, and a preliminary and permanent injunction enjoining Defendants from continuing in any actions violative of Plaintiff's constitutional rights.

For her Complaint, Plaintiff respectfully shows as follows:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff Officer Aimee Irene Aquino (hereinafter "Officer Aquino") is a resident of Mecklenburg County, North Carolina and is a sworn law enforcement officer currently employed as a police officer with the Charlotte Mecklenburg Police Department (hereinafter "CMPD").

2. Officer Aquino is a United States Veteran and has enjoyed a lengthy and distinguished career in law enforcement.

3. Officer Aquino served with the United States Army as a Sergeant, Squad Leader, and Military Police from January 2004 through 2009, including three deployments, one of which being a war combat deployment.

4. Officer Aquino served on the Special Reaction Team, helped trained the Korean Army, earned the Combat Action Badge on several occasions, enjoyed Secret Clearance, has

2

assisted several special forces divisions of the United States military, has participated in undercover law enforcement work, and has consistently received positive employment reviews for the vast majority of her career.

5. Defendant City of Charlotte (hereinafter the "City") is a municipal corporation organized by charter under Chapter 160A of the North Carolina General Statutes. It maintains and operates pursuant to its charter a unified city-county police force called the Charlotte-Mecklenburg Police Department ("CMPD"). At all times relevant to this action, the City of Charlotte acted through its managers and policy makers, including the Chief of Police and other employees of the CMPD; and the acts, edicts and practices of said persons represent the official policies and practices of the Defendant City. The City of Charlotte bears legal responsibility under state law for acts and omissions of CMPD police officers in the course of their employment. It is sued for damages and for injunctive relief from the unconstitutional actions, policies, and practices of its police department and other City officials that occurred as outlined below and which will recur unless enjoined by the Court.

6. Spencer B. Merriweather III (hereinafter "District Attorney") was employed by the State of North Carolina as the elected District Attorney for the 26th Judicial District with the responsibility for preparing the trial dockets and prosecuting in the name of the State in a timely manner all criminal actions and infractions requiring prosecution in the district and superior courts of his prosecutorial district. As such, Spencer B. Merriweather III is a state judicial official of North Carolina's Judicial Department. Spencer Merriweather is sued in his official capacity for injunctive and declaratory relief.

7. At all times relevant herein, Officer Aquino was a citizen of the United States, and all of the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

8. At all times relevant herein, Defendants were acting under color of law.

9. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Officer Aquino.

10. Spencer B. Merriweather III, as the elected District Attorney, has final policy making authority for the Mecklenburg County District Attorney's Office regarding preparing the trial dockets, prosecuting all criminal actions and infractions requiring prosecution in the superior and district courts of the district attorney's prosecutorial district, representing the State of North Carolina in juvenile cases in the superior and district courts in which the juvenile is represented by an attorney, and advising the officers of justice in the district attorney's district, and therefore, his actions in writing the Giglio Letter and sending the Giglio Letter to CMPD represent an official policy of the Mecklenburg County District Attorney's Office and of the State of North Carolina.

11. The City's acts and omissions were the result of a policy or decision of a policy making official, and the City either ratified the actions of the City employees or acted with deliberate indifference to actions of the City employees that were violate of Officer Aquino's constitutional rights.

12. Neither sovereign immunity nor governmental immunity bars actions against a local government entity or claims against individuals in their official capacities pursuant to the Federal Declaratory Judgement Act.

13. Neither sovereign immunity nor governmental immunity bars claims against a local government entity or claims against individuals in their official capacities pursuant to 42 U.S.C. § 1983.

14. Neither sovereign immunity nor governmental immunity bars claims against a local government entity or claims against individuals in their official capacities pursuant to Article I § 19 or § 1 of the North Carolina Constitution.

15. Neither sovereign immunity nor governmental immunity bars claims against a local government entity or claims against a state official, sued in his official capacity, for prospective injunctive relief.

16. Prosecutorial immunity does not bar claims against the District Attorney in his official capacity for declaratory or injunctive relief.

17. Prosecutorial immunity does not bar claims against the District Attorney in his official capacity for non-prosecutorial and non-judicial functions.

## JURISDICTION AND VENUE

18. Officer Aquino sues, among other causes of action, for violations of 42 U.S.C. § 1983.

19. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

20. Pursuant to the Federal Declaratory Judgment Act, Title 28 U.S.C. § 2201, jurisdiction is proper in this Court.

21. In addition, pursuant to 28 U.S.C. § 1367, this Court possesses supplemental jurisdiction over the claims herein that arise under North Carolina law.

22. Venue is proper in the Western District of North Carolina, pursuant to 28 U.S.C. § 1391(b), because the acts and omissions giving rise to the claims in this action all occurred within the County of Mecklenburg, within the Western District of North Carolina.

5

## FACTUAL ALLEGATIONS

23. In January 2009, Officer Aquino was hired by CMPD as a police officer recruit for the police training academy.

24. Officer Aquino worked in this capacity from date of hire through May 2010 when she was promoted to a Domestic Violence Liaison Officer and Patrol Officer.

25. Officer Aquino has worked as a Patrol Officer with CMPD since May 2010.

26. Officer Aquino's employment responsibilities include answering 911 calls, warning, citing, and arresting offenders as needed, conducting proactive activities to reduce crime such as knock and talks, search warrants, and citizen contacts, serving warrants, investigating crimes, directing traffic, transporting prisoners, and testifying in court.

27. Testifying in court is one of Officer Aquino's essential employment responsibilities.

28. During the years of 2011 through 2013, Officer Aquino and another CMPD police officer, Michael Tinsley (hereinafter Tinsley), were in an on-again off-again romantic relationship.

29. In or about May 2013, Officer Aquino confided in another CMPD police officer, Officer M. Cooper, that, sometime in April 2013, Tinsley had conducted himself sexually inappropriately toward Officer Aquino at her home.

30. On or about May 7, 2013, CMPD Officer M. Cooper reported this information to CMPD Internal Affairs.

31. Thereafter, CMPD Internal Affairs ordered Officer Aquino to make a report and cooperate with their investigation, under threat of discipline up to and including termination.

32. Following orders, Officer Aquino cooperated with CMPD Internal Affairs and reported the incident with Tinsley.

33. Officer Aquino explained to CMPD Internal Affairs that she did not want to report the incident with Tinsley, that she did not want anybody to know about her relationship with Tinsley, and that she did not want to pursue criminal charges against Tinsley.

34. The incident between Officer Aquino and Tinsley was investigated, and as a result, CMPD Sergeant Burke initiated two charges against Tinsley for failure to conform with the law and for unbecoming conduct.

35. Thereafter, four out of five members of the Chain of Command Review Board voted to sustain the charges; however, another member who had final decision-making authority declined to sustain the charges against Tinsley.

36. Notwithstanding the Chain of Command Review Board's declination to sustain the charges of failure to conform with the law and unbecoming conduct, Tinsley was sustained for two additional charges involving his lack of candor during the investigation involving Officer Aquino, for which he received a 240-hour suspension without pay.

37. Even though the Chain of Command Board declined to sustain the original two charges against Tinsley, the Board communicated to Officer Aquino that they believed she had told the truth and that she had been the victim of a crime.

38. In or about August 2013, as a result of Tinsley's numerous citations and entire disciplinary history, Tinsley was cited for termination.

39. In or about July 2014, the Civil Service Board terminated Tinsley's employment with CMPD.

40. On or about May 28, 2014, Tinsley filed a Civil Complaint against Officer Aquino for libel, slander, and intentional infliction of emotional distress in Mecklenburg County Superior Court Case Number 14-CVS-8440.

41. The City selected and hired an attorney to represent Officer Aquino for purposes of case number 14-CVS-8440.

42. After a jury trial, the jury found Officer Aquino liable for slander and awarded Tinsley $50,000 in damages.

43. Thereafter, the City settled the case for $41,500 and paid the settlement on behalf of Officer Aquino.

44. Thereafter, on or about June 17, 2015, Tinsley filed a voluntary dismissal of the lawsuit.

   *Exhibit 1.*

45. Officer Aquino contemplated appealing the jury verdict, but CMPD, the City, and the District Attorney (at that time – not Spencer Merriweather) assured Officer Aquino that her employment at CMPD was secure, that they believed Officer Aquino was the victim of a crime, that the jury verdict did not accurately reflect the truth, and that CMPD was supportive of Officer Aquino.

46. In reliance upon CMPD's representations and promises of continued employment, Officer Aquino gave up her right to appeal the jury verdict.

47. On or about June 27, 2016, Tinsley filed a Civil Complaint against the City for a violation of Title VII of the Civil Rights Act of 1964 et seq. and 42 U.S.C. § 1983 in Mecklenburg County Superior Court Case Number 16-CVS-11059, alleging racial and gender discrimination.

8

48. Case Number 16-CVS-11059 was removed to the United States District Court for the Western District of North Carolina in Case Number 3:16-CV-356.

49. While Tinsley won on his gender discrimination claim at trial, the United States Fourth Circuit Court of Appeals reversed and entered judgment for the City of Charlotte, specifically stating that Tinsley had an extensive record of lack of candor and an extension record of disciplinary actions, and that Officer Aquino did not.

50. Over the next two and a half years, Officer Aquino continued to work, to testify in court, received a take home police car, received excellent periodic employment reviews, and was considered for a promotion to sergeant.

51. Many of Officer Aquino's employment reviews during this two and a half year time reflect that she "exceeded expectations."

52. Approximately two and a half years after the jury verdict of slander against Officer Aquino in case number 14-CVS-8440, on November 15, 2018, the District Attorney wrote a letter to Officer Aquino advising Officer Aquino that, because of the 2016 slander verdict, the District Attorney's Office would no longer use Officer Aquino as a witness in any criminal or traffic cases. ***Exhibit 2.***

53. On or about November 26, 2018, the District Attorney wrote a similar letter to CMPD Chief Kerr Putney, advising of the same (hereinafter the "Giglio Letter"). ***Exhibit 3.***

54. Prior to sending the Giglio Letter to CMPD, the District Attorney advised Officer Aquino that he believed she had been truthful in her statements regarding the incident with Tinsley but explained that his hands were tied due the jury verdict in case number 14-CVS-8440.

55. Thereafter, on or about April 10, 2019, as a result of the District Attorney's decision not to use Officer Aquino as a witness in any criminal or traffic case, CMPD determined that Officer Aquino could not perform her job-related duties, that accordingly, she was in violation of Rule of Conduct 5A, Unsatisfactory Performance, suspended Officer Aquino without pay, and cited her to the Civil Service Board for termination. *Exhibit 4.*

56. After Officer Aquino was cited for termination, she was not allowed to complete mandatory training, which resulted in her law enforcement certification being suspended for failure to complete training.

57. Additionally, in or about 2019, the District Attorney requested that the North Carolina Criminal Justice Education and Training Standards Commission revoke Officer Aquino's license and certification to act as a law enforcement officer based on lack of good moral character in violation of 12 NCAC 09A 0204(b)(2) and 12 NCAC 09B .0101(3).

58. On or about November 20, 2019, the NC Criminal Justice Education and Training Standards Commission found there was no probable cause to believe that Officer Aquino lacked good moral character. *Exhibit 5.*

59. After a writ of mandamus was filed to schedule a Civil Service Board hearing regarding Officer Aquino's termination, the Civil Service Board hearing finally occurred on July 28 and July 29, 2021.

60. Prior to the Civil Service Board Hearing, Officer Aquino voluntarily submitted to and passed a polygraph examination regarding the incident with Tinsley.

61. On September 10, 2021, despite the Giglio Letter, the Civil Service Board imposed a 90-day suspension in place of termination and reinstated her employment. *Exhibit 6.*

62. Notwithstanding the District Attorney's statement that he believes Officer Aquino to be truthful, the dismissal of case number 14-CVS-8440, the Standards Commission finding of "no probable cause" that Officer Aquino lacked good moral character, and the Civil Service Board's reinstatement of Officer Aquino's employment, the District Attorney has not rescinded the Giglio Letter which makes Officer Aquino unemployable in the law enforcement field.

63. Because of the dismissal of case number 14-CVS-8440, the Standards Commission's finding of "no probable cause" that Officer Aquino lacked good moral character, and the Civil Service Board's reinstatement of Officer Aquino's employment, no sustained violation of untruthfulness currently exists against Officer Aquino.

64. Officer Aquino has not made any intentionally untruthful statement about any material matter; therefore, there is no proper basis for any Giglio Letter or Giglio determination.

65. The District Attorney is under a constitutional duty to disclose Brady and Giglio information only when it is material to the criminal case.

66. While Officer Aquino currently remains employed by CMPD, CMPD has limited her to working in the capacity of a civilian in non-emergency police services, will not allow her to take any police action, is requiring Officer Aquino to retake the state exam and retake many classes at the police academy before CMPD will reissue Officer Aquino her badge, firearm, or uniform, and will not allow Officer Aquino to resume her employment in any meaningful manner.

67. The City has not and has indicated that it will not pay Officer Aquino any back pay or give her retirement credit for the time she was out of work due to the Giglio Letter, a time

frame of approximately twenty-seven months, from December 2018 through July 2021 (minus three months of which Officer Aquino was on leave pursuant to FMLA).

68. Upon information and belief, despite the District Attorney's decision that Officer Aquino is not credible and cannot be used as a witness, the District Attorney has not undertaken any review of prior adjudicated cases that resulted in convictions in which Officer Aquino was a witness, even after the slander verdict in 2016.

69. Officer Aquino has a significant liberty interest in her reputation, particularly when it relates to her profession.

70. Officer Aquino has a significant liberty interest in pursuing a common calling of her choice.

71. The Giglio Letter imposes a stigma and badge of infamy upon Officer Aquino that will foreclose future opportunities to practice her chosen profession.

72. The Giglio Letter and information within the Giglio Letter will be disclosed to courts, juries, defendants, and attorneys any time Officer Aquino testifies in a criminal or traffic case, or any time Officer Aquino participates in a criminal or traffic case, thereby negatively affecting her reputation and professional standing.

73. Pursuant to N.C.G.S. § 17-C, the Giglio Letter and information within the Giglio Letter are required to be reported to the North Carolina Law Enforcement Training and Standards Commission.

74. Pursuant to N.C.G.S. § 17C-16 and § 17E-16, if Officer Aquino's or other police officers' law enforcement certifications are transferred to another agency, The North Carolina Law Enforcement Training and Standards Commission is required to notify the head of the new agency and the district attorney for prosecutorial district in which the

new agency is located that Officer Aquino or other police officers have been notified that they will not be called as witnesses at trial. ***Exhibit 7.***

75. Pursuant to N.C.G.S. § 17C-16 and § 17E-16, if Officer Aquino's or other police officers' law enforcement certifications are transferred to another State agency, The North Carolina Law Enforcement Training and Standards Commission is required to notify the head of the new agency and every district attorney in every prosecutorial district in the State that Officer Aquino or other police officers have been notified that they will not be called as witnesses at trial. ***Exhibit 7.***

76. Determinations that a certain police officer is incredible and therefore unemployable, such as the one made by the District Attorney as to Officer Aquino, are often arbitrary, made for incorrect reasons, without adequate investigation, are overly broad, are entirely subjective, and are inconsistently applied to similarly situated officers.

77. Accordingly, the risk of erroneous deprivation for Officer Aquino and other police officers is extremely high.

78. While there was an internal affairs investigation of the sexual misconduct allegations involving Tinsley that focused solely on Tinsley's actions rather than Officer Aquino's truthfulness, a post Giglio Letter hearing by the Standards Commission on whether Officer Aquino lacked good moral character, and a post Giglio Letter Civil Service Board hearing as to Officer Aquino's termination, there was no hearing or meaningful opportunity for Officer Aquino to be heard as to her candor or the Giglio Letter, either prior to or after the Giglio Letter was delivered to CMPD.

79. In fact, all of the other investigations by internal affairs, the Standards Commission, and the Civil Service Board reflected that Officer Aquino was truthful.

80. The District Attorney's statements that he believes Officer Aquino to be truthful, the dismissal of the slander case, the internal affairs conclusions, the Standards Commission's decision, and the Civil Service Board's decision all indicate that the conclusion reached by the District Attorney in the Giglio Letter is lacking in substance and without basis.

81. Accordingly, the probative value of additional procedures for police officer related Giglio matters and for Officer Aquino is extremely high.

82. No investigation was conducted as to Officer Aquino's truthfulness prior to or after the writing and delivery of the Giglio Letter.

83. No procedures were in place to allow Officer Aquino a full and fair opportunity to be heard before or after the Giglio Letter was written and delivered to CMPD.

84. No procedures were in place to allow Officer Aquino an opportunity for decision by an impartial person or impartial tribunal before the Giglio Letter was written and delivered to CMPD.

85. Reasonable additional procedures to ensure due process for Officer Aquino and other police officers for Giglio related police officer matters will not impose an undue fiscal or administrative burden on the District Attorney or other government officials.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)
### (As to both Defendants)

86. All prior paragraphs of this Complaint are realleged and incorporated herein as if fully set forth below.

14

87. The Federal Declaratory Judgement Act, Title 28 U.S.C. § 2201, allows for a Court, in the event of a case or controversy, to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.

88. The Federal Declaratory Judgement Act is to be liberally construed and administered.

89. An actual, justiciable controversy exists between Officer Aquino and Defendants.

90. This Court's judgment or decree will terminate the controversy and remove uncertainty for the parties.

91. The Fourteenth Amendment to the Constitution of the United States provides in part, "No State shall . . . deprive any person of life, liberty, or property without due process of law".

92. Officer Aquino has a constitutional right to remain free of government stigma, particularly government stigma that affects her employment, without adequate procedural safeguards.

93. The District Attorney made the decision to stigmatize Officer Aquino and thereby limit her right to work without any process, review, or opportunity to be heard.

94. The actions of the District Attorney in making a predetermined wholesale blanket decision that Officer Aquino will never be a credible witness at any time in the future, regardless of the circumstances, regardless of her participation in a case, regardless of potential corroboration, regardless of materiality, and regardless of the District Attorney's ability to rehabilitate her credibility do not relate to advocacy, do not involve the preparation or initiation of any criminal process, do not constitute a judicial or prosecutorial function, and are not directly connected to the judicial process.

95. Officer Aquino seeks a declaratory ruling clarifying the District Attorney's authority to unilaterally issue a Giglio Letter that practically ends her career without any opportunity for review and specifically requests the Court to declare:

15

a.  The unilateral decision by the District Attorney to effectively terminate Officer Aquino's employment and end her career, without any opportunity for a hearing or review of the District Attorney's decision, is unconstitutional and violative of Officer Aquino's federal and state constitutional due process rights and is violative of Officer Aquino's liberty and property interests.

b.  Officer Aquino has a right to be meaningfully heard before an impartial tribunal as to such Giglio Letter, during which Officer Aquino may call witnesses in her favor, enjoy the representation of counsel, confront witnesses against her, and present evidence.

c.  The City's actions in citing Officer Aquino for termination and, after Officer Aquino was reinstated, altering Officer Aquino's employment status and employment responsibilities as a result of the Giglio Letter, and refusing to authorize back pay and retirement credit for Officer Aquino are violative of Officer Aquino's federal and state constitutional rights and are violative of Officer Aquino's liberty and property interests.

## SECOND CAUSE OF ACTION
**(Violation of Procedural and Substantive Due Process Pursuant to the Fourteenth Amendment to the United States Constitution – 42 U.S.C. § 1983)**
**(As to both Defendants)**

96. All prior paragraphs of this Complaint are realleged and incorporated herein as if fully set forth below.

97. The Fourteenth Amendment to the Constitution of the United States provides in part, "No State shall . . . deprive any person of life, liberty, or property without due process of law";

16

98. Officer Aquino has a constitutionally protected liberty interest in remaining free from government stigma, particularly government stigma that relates to her employment, without adequate procedural safeguards.

99. Officer Aquino has a constitutionally protected liberty interest in pursuing a common calling of her choice that may not be arbitrarily infringed upon or removed without due process of law.

100. Officer Aquino has a constitutionally protected property interest and a legal entitlement to her employment that could not be taken away without first providing her due process.

101. Officer Aquino's entitlement was created by existing rules and understandings stemming from North Carolina state law.

102. North Carolina state law recognizes oral contracts.

103. North Carolina state law recognizes that unilateral contracts can be formed by a reasonably relied upon promise.

104. North Carolina state law also provides that employees may reasonably rely on promised employment benefits that are not part of a formal employment contract.

105. Officer Aquino and Defendant City had a mutually explicit understanding that Officer Aquino's employment was secure, and Officer Aquino relied on Defendant City's promise to her detriment by giving up her right to appeal the jury verdict.

106. The District Attorney, through his course of actions and omissions, acted arbitrarily and capriciously in issuing the "Giglio Letter" which he knew or should have known would constitute a tortious interference with and damage Officer Aquino's ability to continue to serve in her occupational specialty of law enforcement.

17

107.     The District Attorney either arbitrarily failed to obtain and consider all of the necessary true facts, acted without consideration of the facts, or acted in disregard of the facts in making such a drastic decision to extinguish Officer Aquino's career without due process. Both procedural and substantive due process were necessary prior to the issuance of any Giglio Letter tarnishing Officer Aquino's career and occupational liberty.

108.     The District Attorney's arbitrary actions and omissions, including but not limited to his failure to properly investigate the facts and the failure to conduct a hearing deprived Officer Aquino of an opportunity to defend herself, present evidence and to confront and cross examine witnesses. Therefore, Officer Aquino was deprived of procedural and substantive due process to protect her liberty interest in her law enforcement certification and law enforcement career.

109.     The actions of the District Attorney stigmatized Officer Aquino's reputation and seriously impaired her chance to earn a living, and disqualified her from any chance at future employment without any process, review, or opportunity to be heard.

110.     There was no procedure to ascertain whether Officer Aquino made a willfully untruthful statement and no procedure to ascertain the materiality of Officer Aquino's statements such that the information would even need to be disclosed pursuant to Brady or Giglio.

111.     The actions of the Defendants, which actually and proximately resulted in Officer Aquino's employment termination, change in employment status, change in employment responsibilities, change in law enforcement authority, and ended Officer Aquino's career

in law enforcement altered Officer Aquino's status as a matter of law and deprived her of rights previously held.

112.     Defendants' aforementioned conduct constitutes a violation of Officer Aquino's constitutional due process rights and, accordingly, a violation of 42 U.S.C. § 1983.

113.     As a direct and proximate result of Defendants' unlawful conduct, Officer Aquino has suffered a violation of her civil rights described herein entitling her declaratory and injunctive relief from both Defendants and entitling her to nominal and compensatory damages from the City, in an amount to be determined at trial.

114.     Officer Aquino has no adequate remedy at law, and unless enjoined by the Court, Defendants will continue to infringe upon Officer Aquino's constitutionally-protected rights and will continue to inflict irreparable injury.

**THIRD CAUSE OF ACTION**
**(Violation of Plaintiff's Liberty Interest: Deprivation of Liberty and Imposition of a Badge of Infamy – 42 U.S.C. § 1983)**
**(As to both Defendants)**

115.     All prior paragraphs of this Complaint are realleged and incorporated herein as if fully set forth below.

116.     Officer Aquino has a constitutionally protected liberty interest in pursuing a common calling of her choice and remaining free from government stigma that forecloses future employment opportunities.

117.     The actions of the Defendants, which actually and proximately resulted in Officer Aquino being cited for termination, change in employment status, change in employment responsibilities, change in law enforcement authority, and ended Officer Aquino's career in law enforcement altered Officer Aquino's status as a matter of law and deprived her of rights previously held.

19

118.     Defendants' aforementioned conduct constitutes a violation of Officer Aquino's constitutionally protected liberty interests and, accordingly, a violation of 42 U.S.C. § 1983.

119.     As a direct and proximate result of Defendants' unlawful conduct, Officer Aquino has suffered a violation of her civil rights described herein entitling her declaratory and injunctive relief from both Defendants and entitling her to nominal and compensatory damages from the City, in an amount to be determined at trial.

120.     Officer Aquino has no adequate remedy at law, and unless enjoined by the Court, Defendants will continue to infringe upon Officer Aquino's constitutionally-protected rights and will continue to inflict irreparable injury.


**FOURTH CAUSE OF ACTION**
**(Violation of the First Amendment to the United States Constitution – 42 U.S.C. § 1983)**
**(As to both Defendants)**

121.     All prior paragraphs of this Complaint are realleged and incorporated herein as if fully set forth below.

122.     The First Amendment to the United States Constitution states that "Congress shall make no law abridging the freedom of speech."

123.     Officer Aquino had a constitutional right not to speak without facing government retaliation for doing so.

124.     Officer Aquino had a constitutional right to petition the government for the redress of grievances without facing retaliation for doing so.

125.     Officer Aquino made a statement concerning a criminal act involving herself and Tinsley, of which she was the victim.

126.     Officer Aquino made this statement as a citizen.

127. The statement was about a public concern.

128. Officer Aquino's actions in making the statement did not impede CMPD's ability to operate.

129. As a direct and proximate cause of Officer Aquino's statement, Officer Aquino was cited for termination by the City, and despite her reinstatement, has not been allowed to resume her prior employment status, and remains without back pay and retirement credit.

130. Accordingly, Officer Aquino is entitled to nominal and compensatory damages from the City, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of Article I § 19 of the North Carolina Constitution – The Law of the Land) (As to both Defendants)

131. All prior paragraphs of this Complaint are realleged and incorporated herein as if fully set forth below.

132. Article I § 19 of the North Carolina Constitution reads in part, "No person shall be . . . in any manner deprived of his life, liberty, or property, but by the law of the land. . .."

133. The expression "law of the land" has been held equivalent to the due process of law required by the Fourteenth Amendment to the Constitution of the United States.

134. Defendants' aforementioned conduct constitutes a violation of Officer Aquino's state constitutional due process rights.

135. As a direct and proximate result of Defendants' unlawful conduct, Officer Aquino has suffered a violation of her civil rights described herein entitling her declaratory and injunctive relief from both Defendants and entitling her to nominal and compensatory damages from the City, in an amount to be determined at trial.

136.     Officer Aquino has no adequate remedy at law, and unless enjoined by the Court,

Defendants will continue to infringe upon Officer Aquino's constitutionally-protected

rights and will continue to inflict irreparable injury.

### SIXTH CAUSE OF ACTION
**(Violation of Article I § 1 of the North Carolina Constitution)**
**(As to both Defendants)**

137.     All prior paragraphs of this Complaint are realleged and incorporated herein as if

fully set forth below.

138.     Article I § 1 of the Constitution of North Carolina guarantees to the citizens of the

State "the enjoyment of the fruits of their own labor" and declares this an inalienable

right.

139.     Defendant City has refused to pay Officer Aquino her back pay and has refused to

give her retirement credit for the time she was out of work due to the Giglio Letter,

thereby depriving her of the fruits of her own labor, in violation of Article I § 1 of the

North Carolina Constitution.

140.     Defendant District Attorney has foreclosed future employment opportunities for

Officer Aquino, thereby depriving her of the fruits of her own labor, in violation of

Article I § 1 of the North Carolina Constitution.

141.     Defendants' aforementioned conduct constitutes a violation of Officer Aquino's

state constitutional rights to the fruits of her labor.

142.     Defendants' actions bear no rational, real, or substantial relation to the public

health, morals, order, or safety, or the general welfare.

143.     As a direct and proximate result of Defendants' unlawful conduct, Officer Aquino

has suffered a violation of her civil rights described herein entitling her declaratory and

injunctive relief from both Defendants and entitling her to nominal and compensatory damages from the City, in an amount to be determined at trial.

144.     Officer Aquino has no adequate remedy at law, and unless enjoined by the Court, Defendants will continue to infringe upon Officer Aquino's constitutionally-protected rights and will continue to inflict irreparable injury.

**SEVENTH CAUSE OF ACTION**
**(Breach of Contract)**
**(As to Defendant City)**

145.     All prior paragraphs of this Complaint are realleged and incorporated herein as if fully set forth below.

146.     Defendant City promised Officer Aquino that her employment was secure and that she would not suffer any adverse effects at the hand of the City as a result of the slander verdict.

147.     In reliance upon Defendant City's promise, Officer Aquino gave up her right to appeal the verdict of slander.

148.     Accordingly, there was a legally enforceable contract between Defendant City and Officer Aquino.

149.     In citing Officer Aquino for termination, not allowing Officer Aquino to complete her mandatory training, and refusing to fully restore Officer Aquino to her employment status after her reinstatement, Defendant City materially breached the contract and continues to materially breach the contract.

150.     As a direct and proximate cause of Defendant City's material breach, Officer Aquino has suffered monetary damages in an amount to be determined at trial.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Officer Aquino requests the following relief:

1. That the Court assume jurisdiction over this action.

2. Enter Declaratory Rulings as follows:

 a. The unilateral decision by the District Attorney to effectively terminate Officer Aquino's employment and end her career, without any opportunity for a hearing or review of the District Attorney's decision, is unconstitutional and violative of Officer Aquino's federal and state constitutional due process rights and is violative of Officer Aquino's liberty and property interests.

 b. Officer Aquino has a right to be meaningfully heard before an impartial tribunal as to such Giglio Letter, during which Officer Aquino may call witnesses in her favor, enjoy the representation of counsel, confront witnesses against her, and present evidence.

 c. The City's actions in citing Officer Aquino for termination and, after Officer Aquino was reinstated, altering Officer Aquino's employment status and employment responsibilities as a result of the Giglio Letter, and refusing to authorize back pay and retirement credit for Officer Aquino are violative of Officer Aquino's federal and state constitutional rights and are violative of Officer Aquino's liberty and property interests.

 d. The District Attorney shall rescind the Giglio Letter.

 e. The City shall remove the Giglio Letter and all references to the Giglio Letter from Officer Aquino's personnel file.

f.      The City shall reinstate Officer Aquino's employment in a manner fully

reflective of her employment responsibilities and opportunities prior to receipt

of the Giglio Letter.

g.      The City shall pay Officer Aquino all back pay to which she has been

deprived as a result of the Giglio Letter and shall give her retirement credit for

the time she was out of work due to the Giglio Letter.

3.      An award of nominal and compensatory damages from the City.

4.      An award of reasonable attorneys' fees, costs and other expenditures incurred as a

result of bringing this action and enforcing the injunctive relief from the City.

5.      A preliminary and permanent injunction enjoining Defendants' unlawful policies,

practices, customs, acts and omissions set forth in this Complaint.

6.      That the Court retain jurisdiction over Defendants until such time as the Court is

satisfied that Defendant's unlawful policies, practices, customs, acts and omissions complained

of herein no longer exist and will not recur.

7.      An Order that Officer Aquino shall be entitled to backpay and retirement credit

for the time she was prevented from working as a result of the Giglio Letter.

8.      Such other and further relief, including equitable relief, as the Court deems just

and proper.

### JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the

U.S. Constitution, Plaintiff hereby requests a trial by jury as to all issues so triable in this action.

Respectfully submitted,

This 12th day of November, 2021.

The Law Office of Rebecca McNerney PLLC

**_By: /s/ Rebecca McNerney_**
Rebecca T. McNerney
Attorney for Plaintiff
NC Bar # 42296
200 S Broome Street
Waxhaw, NC 28173
Phone: (980) 300-0144
Email:  rebecca@rebeccamcnerneylaw.com