UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00618-FDW-DSC

| | |
|---|---|
| AIMEE IRENE AQUINO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF CHARLOTTE and ) <br> SPENCER B. MERRIWEATHER III, ) <br> ) <br> Defendants. ) <br> ) | ORDER |

THIS MATTER is before the Court on Defendant Spencer Merriweather's Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim. (Doc. No. 10). This motion has been fully briefed and is ripe for disposition by the Court. For the reasons stated herein, Defendant's Motion to Dismiss for Lack of Jurisdiction is GRANTED IN PART solely to the extent it seeks dismissal of Plaintiff's claim for damages against Merriweather under the First Amendment and otherwise DENIED IN PART; and Defendant's Motion to Dismiss for Failure to State a Claim is GRANTED.

I. BACKGROUND

Taking the allegations in the Complaint, (Doc. No. 1), as true, the following background is relevant to disposition of these motions. Plaintiff is a police officer who works for the Charlotte Mecklenburg Police Department ("CMPD"). Id. at 2. In 2014, one of her former colleagues filed suit against her alleging libel, slander, and intentional infliction of emotional distress. Id. at 8. The jury found her liable for slander, and the City of Charlotte (the "City") subsequently settled the

1

case and paid the settlement on her behalf. Id. Relying on CMPD, the City, and the then–district attorney's assurances that her employment was secure, she declined to appeal the jury verdict. Id.

In November 2018, Defendant Spencer Merriweather ("Merriweather") wrote a letter (the "Giglio letter") to CMPD Chief Kerr Putney advising the Chief that the District Attorney's office would no longer use Plaintiff as a witness in criminal or traffic cases because of the slander verdict. Id. at 9. The CMPD then determined she could no longer perform her job-related duties, suspended her without pay, and cited her to the Civil Service Board for termination. Id. at 10. Instead of terminating her, the Civil Service Board suspended her for ninety days and reinstated her employment. Id. Since her reinstatement, "CMPD has limited [Plaintiff] to working in the capacity of a civilian in non-emergency police services . . . [and] is requiring [her] to retake the state exam and retake many classes at the police academy before CMPD will reissue . . . her badge, firearm, or uniform." Id. at 11. The Giglio letter remains in place. Id.

On November 12, 2021, Plaintiff filed the present case against Merriweather and the City seeking declaratory and injunctive relief against both and damages from the City. (Doc. No. 1). She asserts that Defendants' actions violated her procedural and substantive due process rights under the Fourteenth Amendment of the U.S. Constitution, her First Amendment rights, and her rights under Article I, §§ 1 and 19 of the North Carolina Constitution. Id. at 14–23. She also sues the City for breach of contract. Id. at 23. Merriweather now moves to dismiss all claims against him. (Doc. No. 10).

## II. JURISDICTION

Merriweather asserts that sovereign immunity bars Plaintiff's federal law claims against him. (Doc. No. 11, pp. 8–10). He further argues that "principles of absolute prosecutorial

2

Case 3:21-cv-00618-FDW-DSC   Document 16   Filed 06/28/22   Page 2 of 8

immunity" counsel the Court to dismiss these claims. Id. at 10. Both arguments fail. Sovereign immunity does not bar federal law actions against state officials for prospective relief. Edelman v. Jordan, 415 U.S. 651, 677 (1974) (citing Ex parte Young, 209 U.S. 123 (1908)). "[I]njunctive relief requiring a state official 'to conform his *future* conduct of that office to the requirement of the Fourteenth Amendment' is prospective in nature." Wicomico Nursing Home v. Padilla, 910 F.3d 739, 748 (4th Cir. 2018) (quoting Edelman, 415 U.S. at 664). Here, Plaintiff requests that the Court declare her right to further process and issue an injunction requiring Merriweather to provide further process in the future. (Doc. No. 1, pp. 24–25). Thus, she requests prospective relief, and sovereign immunity does not bar her claims.

Prosecutorial immunity applies only to actions for damages, not to actions for injunctive or declaratory relief. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006). Therefore, prosecutorial immunity does not bar Plaintiff's claims against Merriweather for injunctive and declaratory relief.

The Complaint purports to state a cause of action against both Defendants for violation of Plaintiff's First Amendment rights; however, Plaintiff does not explicitly state a request for relief against Merriweather on this claim. (Doc. No. 1, pp. 20–21). To the extent she does request damages from Merriweather in connection with her First Amendment claim, sovereign immunity precludes the Court from exercising jurisdiction. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 609 n.10 (2001). Therefore, dismissal of this claim is appropriate. See Zito v. N.C. Coastal Res. Comm'n, 8 F.4th 281, 283 (4th Cir. 2021) (affirming dismissal for lack of subject matter jurisdiction due to state sovereign immunity), cert. denied, 142 S. Ct. 465, 211 L. Ed. 2d 283 (2021).

3

### III. FAILURE TO STATE A CLAIM

Merriweather next argues that Plaintiff's procedural due process claims, substantive due process claim, and claims under the North Carolina Constitution must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 11, pp. 11–25). Rule 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In conducting a Rule 12(b)(6) inquiry, the court must determine if the pleader's allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a motion to dismiss, the factual allegations in the pleading must suffice to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a pleading will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The court must draw all reasonable factual inferences in favor of the party asserting the claim. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pled factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

4

A.  Procedural Due Process Claims

Here, Plaintiff asserts that Merriweather deprived her of three property and liberty interests without due process of law: (1) her property interest in continued employment as a police officer with CMPD, (2) her liberty interest in pursuing a common calling of her choice, and (3) her liberty interest in remaining free from government stigma that forecloses future employment opportunities. (Doc. No. 1, pp. 16–20). All three claims fail under Rule 12(b)(6).

Plaintiff's claim that Merriweather deprived her of her property interest in continued employment with CMPD fails because it was not Merriweather who changed her employment status, but her employer, CMPD. A plaintiff has no claim for deprivation of property without due process of law as to someone who did not deprive her of that property. Though Plaintiff alleges that the Giglio letter caused her termination, she also alleges that CMPD suspended her, the Civil Service Board reinstated her, and "CMPD has limited her to working in the capacity of a civilian in non-emergency police services." Id. at 10–11. She has no claim for deprivation of her property interest in continued employment with CMPD against Merriweather.

Plaintiff's claim that Merriweather deprived her of her liberty interest in pursuing a common calling of her choice fails for similar reasons. First, CMPD altered her employment status, not Merriweather. Id. Second, the Due Process Clause protects one's right to choose one's career to some extent, but the Supreme Court's few rulings on this subject address complete prohibitions on practicing a calling, not mere interruptions in one's ability to perform one's duties. Conn v. Gabbert, 526 U.S. 286, 291–92 (1999). By her own admission, Plaintiff retains a position with CMPD, and CMPD will allow her to reacquire her former status if she retakes the state exam and

5

classes at the police academy. (Doc. No. 1, p. 11). Therefore, Merriweather has not deprived Plaintiff of her liberty interest in practicing a calling of her choice.

Finally, Plaintiff's claim that Merriweather has placed a "badge of infamy" upon her and thereby deprived her of her liberty interest in her reputation, (Doc. No. 1, pp. 12, 20), also fails under Rule 12(b)(6). To make out a "stigma plus" claim under the Due Process Clause, "a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false." Sciolino v. City of Newport News, 482 F.3d 642, 646 (4th Cir. 2007). Here, the Giglio letter was not issued in conjunction with Plaintiff's termination or demotion, but before her change in status and by a different government actor. (Doc. No. 1, pp. 10–11). Thus, Plaintiff has failed to state a claim for deprivation of her liberty interest in her reputation. See Roe v. Lynch, 997 F.3d 80, 85–86 (1st Cir. 2021) (rejecting a similar "stigma plus" claim involving a Giglio letter because different government actors were responsible for the issuance of the letter and the termination).

B. Substantive Due Process Claim

Plaintiff also asserts that Merriweather violated her substantive due process rights. (Doc. No. 1, pp. 16–19). This claim fails under Rule 12(b)(6). To make out a claim for a violation of substantive due process, a plaintiff must allege "(1) that they had . . . a [liberty or] property interest; (2) that the state deprived them of this [liberty] or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." Sylvia Dev. Corp. v. Calvert Cty., 48 F.3d 810, 827 (4th Cir. 1995). Here, Plaintiff has failed to adequately allege the third element of a substantive due process cause of action. She challenges only the procedure Merriweather followed before issuing the Giglio letter, not his right

6

to issue the letter or preclude her from testifying at all. (Doc. No. 1, pp. 17–18). She fails to allege that no process could cure the deficiency. Therefore, she has not made out a claim for violation of her substantive due process rights.

C. State Law Claims

Plaintiff argues that Merriweather violated her rights under Article I, § 19 of the North Carolina Constitution, the law of the land clause. The North Carolina Supreme Court has interpreted "law of the land" as "synonymous with 'due process of law' as used in the Fourteenth Amendment to the United States Constitution." Bacon v. Lee, 549 S.E.2d 840, 856 (N.C. 2001) (citing In re Moore, 221 S.E.2d 307, 309 (N.C. 1976)). Accordingly, courts consider interpretations of the federal Due Process Clause persuasive in interpreting the law of the land clause. Id.

Plaintiff's claims under the law of the land clause are identical to her federal Due Process Clause claims. (Doc. No. 1, pp. 21–22). Because Plaintiff has failed to state a claim under the Due Process Clause and the Court perceives no reason to construe the law of the land clause differently here, Plaintiff has failed to state a claim under Article I, § 19 of the North Carolina Constitution.

Plaintiff further argues that Merriweather violated her rights under Article I, § 1 of the North Carolina Constitution, which declares "the enjoyment of the fruits of their labor" an inalienable right of all persons. The North Carolina Supreme Court has used this provision only infrequently, including to strike down several uses of the state's licensing power in the mid-twentieth century, see, e.g., State v. Ballance, 51 S.E.2d 731, 734 (N.C. 1949), and a towing ordinance in 2014. King v. Town of Chapel Hill, 758 S.E.2d 364, 371 (N.C. 2014). In 2018, the North Carolina Supreme Court held that a public employee has a claim against his employer under the fruits of their labor clause when that employer violates its own rules or policies regarding

7

promotions. Tully v. City of Wilmington, 810 S.E.2d 208, 216 (N.C. 2018). More recently, the North Carolina Court of Appeals held a police officer's allegations that his employer failed to comply with its own established policies before terminating him sufficient to state a claim under the fruits of their labor clause. Mole' v. City of Durham, 866 S.E.2d 773, 780 (N.C. Ct. App. 2021).

Here, however, Plaintiff alleges the Giglio letter deprived her of the fruits of her labor by "foreclos[ing] future employment opportunities for [her]." (Doc. No. 1, p. 22). She does not allege that the District Attorney violated his office's established rules and policies for issuing Giglio letters. Further, Merriweather is not her employer. Therefore, North Carolina law does not recognize Plaintiff's Article I, § 1 claim. The Court must dismiss this claim as well.

## IV. ORDER

IT IS THEREFORE ORDERED that Merriweather's Motion to Dismiss for Lack of Jurisdiction, (Doc. No. 10), is GRANTED IN PART to the extent it seeks dismissal of Plaintiff's claim for damages against Merriweather under the First Amendment and otherwise DENIED IN PART; and Merriweather's Motion to Dismiss for Failure to State a Claim, (Doc. No. 10), is GRANTED. The Court dismisses only the claims against Merriweather in the Complaint.

IT IS SO ORDERED.

_____
Frank D. Whitney
United States District Judge