UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00618-FDW-DSC

| AIMEE IRENE AQUINO, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) |  |
|  | ) | ORDER |
| CITY OF CHARLOTTE, | ) |  |
| Defendant. | ) |  |

THIS MATTER is before the Court on Plaintiff's Motion, (Doc. No. 27), and Amended Motion, (Doc. No. 29), for Reconsideration of this Court's Order dismissing her claims against Spencer B. Merriweather, III, in his official capacity as District Attorney for the 26th Judicial District, (Doc. No. 16). This motion has been fully briefed and is ripe for ruling. For the reasons that follow, Plaintiff's original Motion is DENIED AS MOOT and her Amended Motion is DENIED IN PART AND GRANTED IN PART.

The Order Plaintiff now challenges set forth the background of this case using a summary of allegations in the Complaint. (Doc. No. 16, pp. 1-2). Plaintiff does not seek reconsideration of that portion of the Court's order, and it is accordingly incorporated by reference here for purposes of Plaintiff's Motion for Reconsideration. In short, Plaintiff, who is employed by the Charlotte Mecklenburg Police Department, filed this action seeking to recover from both Merriweather and the City of Charlotte after Merriweather issued a "Giglio letter" informing the Chief of Police the District Attorney's office would no longer call Plaintiff as a witness in criminal of traffic cases because a jury verdict had found her liable for slander. Only Defendant Merriweather moved to dismiss the original complaint, and the Court granted the motion and concluded: 1) sovereign

1

immunity barred Plaintiff's claim for damages for her asserted First Amendment claim against Merriweather; 2) Plaintiff failed to allege plausible claims against Merriweather for deprivation of property and liberty interests; 3) Plaintiff failed to sufficiently allege a claim that Merriweather violated her substantive due process rights; and 4) Plaintiff failed to state a claim against Merriweather under Article I, § 19 of the North Carolina Constitution.

Plaintiff filed a motion to amend following this Court's dismissal order; however, nothing in that document suggested Plaintiff sought amendment to reassert allegations against Defendant Merriweather. (See Doc. No. 17). Notably, Plaintiff's motion did not include a proposed Amended Complaint. Defendant City of Charlotte did not oppose the motion, and the magistrate judge assigned to this case granted it. (See Text Only Order on July 21, 2022). When Plaintiff filed her Amended Complaint, (Doc. No. 19), she included new and reasserted claims against Merriweather. Merriweather, via counsel, promptly moved for reconsideration of the Court's prior Order allowing the Amended Complaint, arguing that Defendant City of Charlotte—as the only remaining Defendant at the time—consented to the motion to amend because it gave no indication that she intended to reassert her dismissed claims. Following a response in opposition by Plaintiff, the Court entered a Text-Only Order granting in part Defendants' motion for reconsideration, striking Plaintiff's Amended Complaint, and directing her to file an Amended Complaint concerning the remaining Defendant City of Charlotte. She complied, filing the Amended Complaint and the motion at bar on the same day.

Plaintiff's instant motion seeks reconsideration pursuant to Federal Rules of Civil Procedure 54, 59, and 60; however, she makes no argument as to how these rules or other applicable authority compel a different result than that reached by the Court in the Order she seeks

to challenge. Plaintiff does not cite to *any* legal authority to suggest error in the Court's prior ruling. (See, e.g. Doc. No. 30, p. 6 "However, the Supreme Court and the Fourth Circuit have rendered decisions stating that the government's interference with employment rise to full termination can constitute a violation of due process." (no citations provided); "However, the quoted language from Sciolino on which the Court relies differs from the language used by the Supreme Court and other judicial circuits in discussing the relationship between the stigma and the deprivation." (no citations provided)). In fact, Plaintiff concedes, "Plaintiff at this time is not necessarily arguing that the Court's June 28, 2022 Order was wrong or may be wrong . . . ." (Doc. No. 34, p. 2).[1]

Instead, the gravamen of the instant motion is that this Court's order dismissing her claims against Merriweather should have also permitted her to file an amended complaint against District Attorney Merriweather. Plaintiff, however, *never* sought this relief in her response to the motion to dismiss. (See Doc. No. 15). Therefore, Plaintiff is arguing that this Court's failure to *sua sponte* allow her to amend her complaint constitutes clear error. That argument, however, conflates the role of counsel and the Court. The Fourth Circuit has made clear a court cannot act as an advocate for a self-represented litigant, much less a party represented by counsel. See, e.g., Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997); Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Plaintiff's argument suggests that this Court—in granting a motion to dismiss some but not all claims pursuant to Rule 12(b)(6)—should *sua sponte* address the issue of amendment *and allow it* as a matter of course to cure deficiencies in the complaint. Plaintiff,

---

[1] Notwithstanding this concession and failure to cite any applicable legal authority, Plaintiff attempts to preserve this issue via a footnote in her brief. (See id. at n.1 "Plaintiff reserves the right to appeal the June 28, 2022 Order and to argue that the reasons cited for dismissal are erroneous.").

however, provides no authority to support this proposition, and the Court declines to create such precedent here and under this record.

Because the Court finds that Plaintiff has failed to sufficiently argue or show clear error in the Court's Order dismissing the claims against Merriweather, the motion for reconsideration is denied to the extent it seeks reconsideration of the dismissal of those claims. And this Court declines Plaintiff's invitation for this Court's certification pursuant to Rule 54(b) and 28 U.S.C. § 1292(b) to permit interlocutory appeal of the order, particularly where Plaintiff concedes she "is not necessarily arguing that the Court's June 28, 2022 Order was wrong."

The Court thus turns to that portion of the instant motion seeking reconsideration of the decision by the Magistrate Judge to deny Plaintiff's Motion to Amend the Complaint. (See Doc. Nos. 17, 20; and Text-Only Order entered August 23, 2022, striking Plaintiff's "noncompliant Amended Complaint."). Because that order was entered by the magistrate judge, this Court's review of that decision is limited to whether it is clearly erroneous. See 28 U.S.C. § 636(b). Defendant Merriweather's briefs on which the magistrate judge explicitly relied and incorporated by reference in the text-only order argue that Plaintiff's Motion to Amend should have been denied on the basis of prejudice and futility. The Court agrees, in part, to the extent Plaintiff sought to reassert dismissed claims, and that portion of the magistrate judge's order remains undisturbed. As to the new claims, however, this Court cannot conclude at this stage and under this record that amendment is futile, mostly because the parties' arguments are provided piece meal across various pleadings and motions for reconsideration, including the motion at bar.[2] To allow for meaningful

---

[2] The back-and-forth litigation over multiple motions to determine the appropriateness of Plaintiff's claims against Defendant Merriweather could have been avoided had Plaintiff's counsel followed the local rules in conferring with counsel and attaching a proposed amended complaint as part of her initial filing of a Motion to Amend. Had counsel so complied, the Court could have analyzed and ruled on these issues at one time. Counsel for all parties are hereby

4

review of those new claims, the Court will GRANT Plaintiff the ability to amend her complaint a second time to include new claims against Defendant Merriweather. Plaintiff may not reassert any claims already dismissed by this Court, as she has failed to adequately challenge that ruling as explained herein. Defendant Merriweather is free to challenge the Second Amended Complaint in an appropriate motion, and nothing in this Order should be construed as a forecast of a ruling as to the merits of any motion to dismiss the Second Amended Complaint.

Finally, the Court notes that pursuant to its standing orders, a motion to dismiss pursuant to Rule 12(b)(6) does not toll the time for filing of an Answer. Should Defendant Merriweather's response to the Second Amended Complaint include a motion made only on that basis, the filing of an Answer must also accompany it.

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion, (Doc. No. 29), for Reconsideration of this Court's Order is DENIED IN PART AND GRANTED IN PART. Plaintiff shall file a Second Amended Complaint in compliance with the instructions herein no later than January 19, 2023. Plaintiff's Motion, (Doc. No. 27), is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: January 12, 2023

_____
Frank D. Whitney
United States District Judge

---

instructed to immediately familiarize themselves with the applicable rules governing this case, including Local Rules and Standing Orders.