UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-00618-FDW-SCR

| | |
|---|---|
| AIMEE IRENE AQUINO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHARLOTTE, AND )<br>SPENCER B. MERRIWEATHER III, )<br>)<br>Defendants. )<br>) | **ORDER** |

THIS MATTER is before the Court on Defendant Spencer Merriweather's ("Merriweather") Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim. (Doc. No. 41). This matter has been fully briefed and is ripe for disposition by the Court. For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff's claims against Merriweather are DISMISSED.

I. BACKGROUND

Plaintiff initiated this lawsuit with the filing of a complaint against Defendant on November 12, 2021. (Doc. No. 1) Plaintiff, following an order dismissing the claims against Merriweather, amended her complaint, adding new claims against Merriweather on January 19, 2023. (Doc. No. 36). Taking the allegations in the Amended Complaint as true, the following background is relevant to disposition of these motions. Plaintiff is a police officer who works for the Charlotte Mecklenburg Police Department ("CMPD"). Id. at 3. In 2014, one of her former colleagues filed a civil lawsuit in Mecklenburg Superior Court against her alleging libel, slander, and intentional infliction of emotional distress. Id. at 9. The jury found her liable for slander, and the City of Charlotte (the "City") subsequently settled the case and paid the settlement on her behalf. Id.

1

Relying on CMPD, the City, and the then–district attorney's assurances that her employment was secure, she declined to appeal the jury verdict. Id. at 10.

In November 2018, Defendant Merriweather, who serves as the District Attorney for Mecklenburg County, wrote a letter (the "Giglio letter")[1] to CMPD Chief Kerr Putney advising the Chief that the District Attorney's office would no longer use Plaintiff as a witness in criminal or traffic cases because of the slander verdict. Id. at 11. The CMPD then determined she could no longer perform her job-related duties, suspended her without pay, and cited her to the Civil Service Board for termination. Id. at 12. Instead of terminating her, the Civil Service Board suspended her for ninety days and reinstated her employment. Id. Since her reinstatement, "CMPD has limited [Plaintiff] to working in the capacity of a civilian in non-emergency police services . . . [and] required [her] to retake the state exam and retake many classes at the police academy before CMPD agreed to reissue . . . her badge, firearm, and uniform." Id. at 15. The Giglio letter remains in place. Id.

On November 12, 2021, Plaintiff filed the present case against Merriweather and the City seeking declaratory and injunctive relief against both and damages from the City. (Doc. No. 1). This Court dismissed Plaintiff's claims against Merriweather, (Doc. No. 16), but granted Plaintiff the ability to amend her complaint a second time to include new claims against Defendant Merriweather. (Doc. No. 35, p. 5). On January 19, 2023, Plaintiff filed the Amended Complaint. (Doc. No. 36). She asserts Merriweather's actions violated her equal protection rights under the Fourteenth Amendment of the U.S. Constitution and Article I, Section 19 of the North Carolina

---

[1] The parties all reference the letter as the "Giglio letter," which is a nod to the disclosures that prosecutors—such as district attorneys—must make to criminal defendants as set forth in the case of Giglio v. United States, 405 U.S. 150 (1972). As explained by the Supreme Court, "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Wearry v. Cain, 577 U.S. 385, 392, (2016) (quoting Brady v. Maryland, 373 U.S. 83, 87 (1963); citing Giglio v. United States, 405 U.S. 150, 153–54, (1972) (clarifying that the rule stated in Brady applies to evidence undermining witness credibility)).

2

Constitution. Id. at 31–33. She seeks a declaratory ruling pursuant to Title 28 U.S.C. § 2201. Id. at 17. Plaintiff also asserts Merriweather's actions violated her rights under Article I, Section 18 of the North Carolina Constitution entitling her to declaratory and injunctive relief as well as nominal and compensatory damages. Id. at 28–29.

## II.     EQUAL PROTECTION CLAIMS

A. Standard of Review

Merriweather argues Plaintiff's equal protection claims must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] (Doc. No. 47, pp. 7–8, 14). Rule 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In conducting a Rule 12(b)(6) inquiry, the court must determine if the pleader's allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a motion to dismiss, the factual allegations in the pleading must suffice to "raise a right to relief above a speculative level." Twombly, 550 U.S. at 570. Thus, a pleading will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

For purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

---

[2] Merriweather also contends that Plaintiff's equal protection claim arising under Article I, Section 19 of the North Carolina Constitution should be dismissed for failure to plead a colorable claim under sovereign immunity. (Doc. No. 47, p. 5). However, Plaintiff seeks declaratory and injunctive relief for this claim and as the Court's previous order, (Doc. No. 16, p. 3), made clear, prosecutorial immunity applies only to actions for damages, not to actions for injunctive or declaratory relief. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006). As such, there are no grounds for dismissal pursuant to sovereign immunity for this claim under either the Federal or North Carolina Constitution.

3

U.S. at 555. The court must draw all reasonable factual inferences in favor of the party asserting the claim. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). On a motion to dismiss, "a court may consider documents attached to the complaint as an exhibit or incorporated in it by reference." Stillwell v. United States, No. 1:21-cv-298, 2021 WL 6126990, at *2 n.3 (M.D.N.C. Dec. 28, 2021) (quoting Bryant v. Washington Mut. Bank, 524 F. Supp.2d 753, 757 n.4 (W.D. Va. 2007), aff'd, 282 F. App'x 260 (4th Cir. 2008)).

In a Rule 12(b)(6) analysis, the court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. And "[g]enerally, conclusory allegations based solely 'upon information and belief' are 'insufficient to defeat a motion to dismiss.'" Mystic Retreat Med Spa & Weight Loss Ctr. v. Ascentium Cap. LLC, 615 F. Supp. 3d 379, 384 (M.D.N.C. 2022) (citing Harman v. Unisys Corp., 356 F. App'x 638, 640–41 (4th Cir. 2009)). A plaintiff may plausibly plead facts "upon information and belief" "where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." Id. (citations omitted). However, well-pled factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Iqbal, 556 U.S. at 679.

B. The Equal Protection Claims

Plaintiff seeks a declaratory ruling pursuant to Title 28 U.S.C. § 2201 asking the court to declare the extent of Merriweather's authority to issue the Giglio letter on equal protection grounds. (Doc. No. 36, pp. 17–18). Plaintiff also seeks declaratory and injunctive relief pursuant

to the Fourteenth Amendment to the U.S. Constitution and Article I, Section 19 of the North Carolina Constitution. Id. at 31–33. All claims fail under Rule 12(b)(6).

The guarantee of equal protection provided in the Fourteenth Amendment to the Federal Constitution is the same as that found in Article I, Section 19 of the North Carolina Constitution. Richardson v. N. Carolina Dep't of Correction, 478 S.E.2d 501, 505 (N.C. 1996). Accordingly, the court analyzes the law the same. Id. To establish an equal protection claim, a plaintiff must sufficiently assert: (1) she has been treated differently from others with whom she is similarly situated, (2) the unequal treatment was the result of intentional or purposeful discrimination, and (3) the disparity was not justified under the appropriate level of scrutiny. Fauconier v. Clark, 966 F.3d 265, 277 (4th Cir. 2020). A "class-of-one" equal protection claim applies the "rational basis" level of scrutiny. Willis v. Town of Marshall, N.C., 426 F.3d. 251, 263 (4th Cir. 2005) (citing Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). This requires a plaintiff to establish there was no rational basis for the difference in treatment. Id.

(1) Similarly Situated

Merriweather argues Plaintiff has not sufficiently pled that she and the other CMPD officer are "similarly situated." (Doc. No. 47, p. 10). Parties are "similarly situated" if they "are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Nordlinger v. Hahn, 505 U.S. 1, 10 (1992)).

In the context of the issuance of a Giglio letter, a colleague on this court considered whether two officers were similarly situated for purposes of determining sufficiency of pleading an equal protection claim. Giles v. Hindsman, No. 1:21-cv-00256-MR-WCM, 2022 WL 1957762, at *1 (W.D.N.C. June 6, 2022). In that case, the court held that the plaintiff failed to plausibly allege facts to establish this element. There, the complaint alleged "upon information and belief" that one

5

or more other deputy sheriffs had received "oral Giglios" for "previous alleged bad conduct" but were routinely used as witnesses in criminal cases. Id. On the other hand, the plaintiff contended he was involuntarily transferred from patrol duty to bailiff duty and no longer used as a witness after he received his Giglio letter. Id.

There, the court concluded the complaint failed to allege the plaintiff was similarly situated because he did not support his belief with factual information that would have made the inference of culpability plausible. Id. Specifically, the court stated, "[i]n his Complaint, the Plaintiff alleges 'upon information and belief,' that the Defendant gave 'oral "Giglio" directives' to some Sheriffs in their district that their office would not call a particular deputy sheriff to testify due to 'previous alleged bad conduct' [], but that the Defendants nevertheless routinely used deputy sheriffs who had received an oral Giglio directive as a witness . . ." and therefore "[i]n making these allegations, the Plaintiff fails to allege that he is 'similarly situated' because he does not assert any facts to inform the Court or the Defendants how . . . alleged bad conduct is similar to his" and "that the Defendants possessed similar information . . . and treated the Plaintiff differently." Id.

Here, Plaintiff contrasts her treatment with only one other unnamed and unidentified CMPD officer. Plaintiff alleges "[a] CMPD officer who investigates DWIs for CMPD has been found to be incredible by a North Carolina District Court Judge due to destroying exculpatory evidence on at least two DWI cases." (Doc. No. 36, p. 32). But, beyond this single fact, Plaintiff pleads the remainder of her equal protection claim "upon information and belief." Id. Like Giles, this Court has no factual information to support Plaintiff Aquino's allegations that this other CMPD officer even remains employed at CMPD, that Merriweather was ever aware of this other officer's conduct, or that this other officer has not already been issued a Giglio letter, too. (Doc. No. 36, p. 32). Therefore, Plaintiff's Amended Complaint is materially lacking in detail.

6

However, even ignoring these deficiencies, Plaintiff still fails to plausibly allege that she is similarly situated to this other unnamed and unidentified CMPD officer. The fact that another CMPD officer was determined incredible asserts, categorically, conduct indicative of untrustworthiness. But this fact fails to adequately assert *the extent* to which the other officer's conduct is similar. Plaintiff's conduct, as plead in her Amended Complaint, demonstrates a significantly greater degree of untrustworthiness.

Unlike the other CMPD officer, Plaintiff's treatment was based upon not one, *but two* distinct instances of Plaintiff's untrustworthiness. A violation dating back to 2013 and the slander verdict three years later in 2016. (Doc. No. 36-6, p. 5). Plaintiff pleads no facts that the other CMPD officer has the same quantity or history of distinct untrustworthy instances as herself. Even further, Plaintiff's 2016 instance of untrustworthiness is different in kind to the other unidentified CMPD officer. Plaintiff's instance of trustworthiness resulted from a full trial and jury verdict finding her liable for slander. Id. at 9. In other words, Plaintiff was found liable for actively making false statements. The gravity of such a verdict greatly outweighs one judge's opinion that an officer is incredible to testify based on his responsibility for maintaining evidence. The extent to which Plaintiff's conduct is similar is highly relevant to Merriweather's internal decision-making duty. And therefore, Plaintiff and the other CMPD officer are not in all relevant respects alike. Plaintiff fails to plausibly allege facts to establish that she is similarly situated, and this claim must be dismissed.

(2) Intentional or Purposeful Discrimination

In the alternative, Merriweather further argues that Plaintiff fails to plausibly allege facts to establish intentional or purposeful discrimination. (Doc. No. 47, p. 11). Plaintiff alleges Merriweather purposefully discriminated against her because the Giglio letter was issued two and

a half years after the slander jury verdict was entered, "which indicates he had reasons other than *Giglio* for issuing the *Giglio* Letter." (Doc. No. 44, p. 14). The Court agrees with Merriweather that this is a mere conclusory statement. (Doc. No. 47, p. 11).

Significantly, Plaintiff attaches the Civil Service Board's findings of fact to her Amended Compliant as exhibit 6. (Doc. No. 36-6). The Civil Service Board is an entity of a North Carolina agency. Civil Service Board, CITY OF CHARLOTTE, https://www.charlottenc.gov/City-Government/Initiatives-and-Involvement/Civil-Service-Board (last visited May 25, 2023). North Carolina agency findings of fact are subject to the "whole record test." N. Carolina Dep't of Env't & Nat. Res. v. Carroll, 599 S.E.2d 888, 902 (N.C. 2004). Under the whole record test, agency findings receive a "high degree of deference." N. Carolina Dep't of Pub. Safety v. Ledford, 786 S.E.2d 50, 64 (N.C. App. 2016).

According to the Civil Service Board's record, Merriweather issued the Giglio letter pursuant to his obligation under Giglio v. United States, 405 U.S. 150 (1972). (Doc. No. 36-6, p. 4). And Merriweather made this decision in 2018 only after learning for the first time that Plaintiff was found liable for slander at a 2016 civil jury trial. Id. at 4. The Civil Service Board found that Merriweather's reason for making the decision was because "the burden of having to disclose Aquino's multiple untruthfulness each time she was to be called as a witness, and then attempting to rehabilitate her credibility in front of a judge or jury, was 'insurmountable.'" Id. at 5.

Plaintiff fails to even address these findings attached to her own Amended Complaint. And these findings directly undercut Plaintiff's mere conclusory statement—a statement that is not entitled to any presumption of truth. Thus, Plaintiff fails to provide any allegation to contradict the Civil Service Board's findings, which are entitled a high degree of deference. As such, Plaintiff

8

has failed to plausibly allege intentional or purposeful discrimination, and dismissal of this claim is appropriate.

(3) <u>Rational Basis</u>

Lastly, Merriweather also argues that Plaintiff has not pled the issuance of the <u>Giglio</u> letter lacked a rational basis. (Doc. No. 47, p. 12). Plaintiff asserts a class-of-one theory of equal protection. A class-of-one theory of equal protection requires a plaintiff to allege she was treated differently "not because she was a member of an identified class (unlike her race, sex, and national origin claims), but simply for 'arbitrary, vindictive, and malicious reasons.'" <u>Engquist v. Oregon Dep't of Agr.</u>, 553 U.S. 591, 595 (2008).

Based on the same factual findings of the Civil Service Board, Plaintiff has failed to plead facts that create a plausible inference that Merriweather made the <u>Giglio</u> decision arbitrarily. Again, Plaintiff makes a mere conclusory statement in her Amended Complaint that directly contradicts the factual findings of the Civil Service Board attached to her Amended Complaint. Plaintiff alleges there was no rational basis by asserting "there is no rational basis for the disparate treatment." (Doc. No. 36, p. 32). However, as discussed, the Civil Service Board found Merriweather made the decision rationally. Namely, the burden to rehabilitate her credibility was "insurmountable." (Doc. No. 36-6, p. 5). Absent facts asserting Merriweather made the <u>Giglio</u> decision for reasons outside the Civil Service Board's findings, there is no plausible inference the decision was made arbitrarily or lacking a rational basis.

Therefore, Plaintiff has failed to state a claim for violation of the equal protection clauses of the Federal and North Carolina Constitution. Accordingly, Merriweather's Motion is GRANTED IN PART and Plaintiff's first, ninth, and tenth cause of actions are DISMISSED.

## III. ARTICLE I, § 18 OF THE NORTH CAROLINA CONSTITUTION

Plaintiff's Amended Complaint seeks monetary damages for Merriweather's alleged violation of Article I, Section 18 of the North Carolina Constitution. (Doc. No. 36, p. 29). Merriweather contends this claim is barred by sovereign immunity and that Plaintiff failed to sufficiently plead this claim. (Doc. No. 47, p. 5). However, as a threshold matter, the Court need not reach the merits of Merriweather's arguments because this Court must dismiss Plaintiff's state constitutional claim for lack of standing.

Standing under Article I, Section 18

Article I, Section 18 of the North Carolina Constitution provides, in relevant part that, "every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law[.]" N.C. CONST. art. I, § 18. This is referred to as the "open courts provision" of the North Carolina Constitution. The open courts provision is a remedy clause. Comm. to Elect Dan Forest v. Emps. Pol. Action Comm., 853 S.E.2d 698, 706 (N.C. 2021). To invoke its remedy, a plaintiff must have suffered a legally cognizable injury. Id. at 731. A legally cognizable injury is found where a legal right at common law, by statute, or arising under the North Carolina Constitution, has been infringed. Id. at 706–33 (citing N.C. CONST. art. I, § 18, cl. 2) (analyzing the historical context in which the people of North Carolina adopted the constitutional provision and relevant precedent to define the meaning of "injury" as used in Article I, Section 18).

In other words, the open courts provision is not a stand alone claim. Id. at 730. Rather, it is merely a constitutional guarantee to redress a legal injury in court. Id. A plaintiff only has standing to bring a claim under the provision by plausibly asserting the infringement of a legal right. Id. at

10

732 (concluding "the word 'injury' in the remedy clause of our Constitution's open courts provision . . . means, at a minimum, the infringement of a legal right").[3]

Here, Plaintiff has failed to plausibly allege a legally cognizable injury attributable to Merriweather. The Court has dismissed her equal protection claims here, and the Court previously dismissed her due process claims in the Order issued on June 28, 2022. (Doc. No. 16, p. 8). Plaintiff does not allege any common law injury to her reputation as required by Section 18. Instead, Plaintiff's Amended Complaint asserts "the plain text of the North Carolina Constitution protects North Carolinians' right to redress *any* injury to their reputation." (Doc. No. 36, p. 28) (emphasis added). Notably, Plaintiff cites no cases in support of this assertion, and this Court has found no authority saying the same.[4]

Therefore, Plaintiff has failed to identify a legal right that the Section 18 remedy clause might redress. Plaintiff has no standing to assert a lone Section 18 claim. Accordingly, Plaintiff's sixth cause of action is DISMISSED for lack of standing.

IV.     ORDER

IT IS THEREFORE ORDERED that Merriweather's Motion to Dismiss, (Doc. No. 41), is GRANTED, and Plaintiff's claims against Defendant Merriweather are DISMISSED.

IT IS FURTHER ORDERED that because joinder of the issues has now occurred, Plaintiff and Defendant City of Charlotte are instructed to promptly proceed under applicable Federal Rules

---

[3] See also Hope—A Women's Cancer Ctr., P.A. v. State, 693 S.E.2d 673, 683 (N.C. App. 2010) (concluding plaintiffs lacked standing to challenge a statute by citing only Article I, Section 18 of the North Carolina Constitution because plaintiffs failed to show that they had been injured by—or that their legal rights had been infringed because of—the statute they challenged) (citing In re Perkins, 299 S.E.2d 675, 677 (1983) (finding the respondent had no standing to challenge the constitutionality of the statutes when he had failed "to show that he ha[d] been adversely affected by the . . . statutes as applied")); United Daughters of the Confederacy v. City of Winston-Salem by & through Joines, 881 S.E.2d 32, 46–47 (N.C. 2022) (finding plaintiff had "failed to identify any legal right conferred by common law, state or federal statute, or the state or federal constitutions of which they have been deprived by defendants' conduct" and therefore lacked standing).

[4] In fact, the North Carolina case law makes clear, the open courts provision must be coupled with—not just *any* injury—but a legally cognizable injury. Comm. to Elect Dan Forest, 853 S.E.2d at 731; Hope, 693 S.E.2d at 683.

of Civil Procedure and this Court's Standing Orders to confer and submit a certification and report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure so that a Case Management Order may issue.

    IT IS SO ORDERED.

Signed: June 5, 2023

Frank D. Whitney
United States District Judge